EX PARTE SIMON WILSON.

Opinion Filed July 14, 1917.

Where a person convicted of having sold intoxicating liquors after an election had been held to determine if such sales should be prohibited in that county, sues out a writ of habeas corpus, claiming that he was improperly convicted because prior thereto the Circuit Judge had rendered a decree declaring the election null and of no effect, the writ will be dismissed and the prisoner remanded, if the decree of the lower court holding the election invalid is reversed by this court.

A case of original jurisdiction.

Petitioner remanded.

*Raymond B. Bullock* and *H. M. Hampton,* for Petitioner;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, contra.

BROWNE, C. J.—Prior to December 7, 1915, the County of Marion had voted in favor of the sale of intoxicating liquors, wines and beer. On the 7th of December, 1915, another election was held to decide whether their sale should be prohibited in that county, and on December 8th, the County Commissioners declared that a majority of the voters had voted against such selling, and that

such sales were therefore prohibited. On the 11th day of July, A. D. 1916, a bill in equity was filed in the Circuit Court for Marion County by John T. Moore asking to have the election declared null and void, and on April 20th, 1917, the Circuit Judge rendered his decree declaring the election illegal, null and void in toto as to all the inhabitants of the county, and an appeal was taken to this Court by the County Commissioners.

On May 28th, 1917, one Simon Wilson was tried and convicted of engaging in the sale of intoxicating liquors in Precinct No. 1, of Marion County, which had voted against such sales; whereupon he made application to this Court and obtained a writ of *habeas corpus* to test the validity of his conviction.

This Court having this day filed its decision in the case of Carn, *et al.* County Commissioners, etc., v. John T. Moore, reversing the decree of the lower court declaring the election of December 7th, 1915, null and void, it follows that the sale of liquors, wine and beer was prohibited in Marion County from the date of such election, and the petitioner having been convicted of selling intoxicating liquors in Marion County since the date of the election, his conviction was proper, and the writ will have to be dismissed and the prisoner remanded.

TAYLOR, SHACKLEFORD, WHITFIELD AND ELLIS, J. J., concur.